**In re David G. BATTON, Jr., SS#: 246–86–6204, Derelys H. Batton, SS#: 237–86–7439, Debtors.**

**Bankruptcy No. 88–00585–BKC–SO5.**

United States Bankruptcy Court, E.D. North Carolina.

July 15, 1988.

Julia B. Southwick, Raleigh, N.C., for debtors.

David W. Boone, Raleigh, N.C., for trustee.

### MEMORANDUM OPINION AND ORDER DENYING DEBTORS' CLAIM OF EXEMPTION

A. THOMAS SMALL, Bankruptcy Judge.

The matter before the court is the "Objection to Debtors' Claim of Exemptions" filed on May 4, 1988, by David W. Boone, the chapter 7 trustee. A hearing was held in Raleigh, North Carolina, on June 27, 1988, which was attended by the trustee and the attorney for the debtors. The attorney for the debtors reported that she

had not previously received a copy of the trustee's objection. It was agreed that the court would not make a ruling on the trustee's objection for ten days in order to give the debtors' attorney time to file a response. The debtors' response has now been filed.

At issue is whether federal and state tax refunds which the debtors have received or are to receive qualify for exemption under N.C.GEN.STAT. § 1C–1601(a)(4). That section creates an exemption in a debtor's aggregate interest, not to exceed $2,500 plus an additional $500 for each dependent of the debtor, not to exceed $2,000 total for the dependents, in "household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor." The debtors argue that their tax refunds are analogous to a savings account and that, from an equitable standpoint, such monetary interests should qualify for the exemption under § 1C–1601(a)(4) because not allowing a deduction for such cash interests rewards a debtor who, instead of attempting to maximize savings, spends all available funds on personal or household items which clearly qualify for the exemption.

The court believes it would require a strained reading of the statutory language to hold that tax refunds or other monetary interests fall within any of the categories enumerated in § 1C–1601(a)(4). In view of the clear statutory language, the debtors' equitable arguments are more properly addressed to the legislature, rather than to this court. The court holds that the debtors are not entitled to exempt their tax refunds pursuant to N.C.GEN.STAT. § 1C–1601(a)(4) and the trustee's objection will therefore be allowed.

SO ORDERED.